**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VINCENT W. GLAZEWSKI, | Civil No. 11-7160 (RMB) |
| Plaintiff, |  |
| v. | **OPINION** |
| EVELYN DAVIS, |  |
| Defendants. |  |

**APPEARANCES:**

    VINCENT W. GLAZEWSKI, #216428, Plaintiff Pro Se
    Mid-State Correctional Facility
    P.O. Box 866
    Wrightstown, NJ 08562

**BUMB, District Judge**:

    Plaintiff, Vincent Glazewski, a prisoner incarcerated at Mid-State Correctional Facility ("MSCF"), seeks to bring this action in forma pauperis asserting violation of his rights under 42 U.S.C. § 1983.  This Court will grant Plaintiff's application to proceed in forma pauperis.  See 28 U.S.C. § 1915(b).  Having reviewed Plaintiff's submissions, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the matter without prejudice to the filing of an amended complaint.

**I.   BACKGROUND**

    Vincent W. Glazewski brings this Complaint for violation of his constitutional rights under 42 U.S.C. § 1983 against the Administrator of MSCF, Assistant Administrators, Associate

Administrator, and several other officials at MSCF. Plaintiff filed a four-page typed document labeled "Temporary Restraining Order" (Dkt. 1), a one-page cover letter addressed to Judge Stanley Chesler (Dkt. 1-1), and approximately 58 pages of exhibits. In the document labeled "Temporary Restraining Order" Plaintiff states that he seeks declaratory and injunctive relief; he asserts that venue is proper in the District of New Jersey; and he identifies himself as a New Jersey state prisoner incarcerated at MSCF. He further asserts:

> 5. Within this complaint/petition the Plaintiff will rely on the attached affidavit, along with the numerated facts provided within the complaint/petition (petition from hereon through) and memorandum of law.
>
> 6. The Plaintiff requests the following: All the named defendants and their subordinates and any other associate, officer or anyone else acting in concert with any of the above named defendants, to be made accountable for all actions and/or non-actions. The Plaintiff makes his application for an Emergent Temporary Restraining Order to correct and/or address actions and/or non-actions for the Violations of the State Laws, Federal laws, Institutional Rules or Regulations and the Violations of the Plaintiff's Constitutional Rights.

(Dkt. 1 at 3.)

Plaintiff seeks injunctive relief prohibiting his transfer to another facility, and directing defendants to house him in a single occupancy cell in general population at MSCF or any other state prison "without further exposure to secondhand tobacco smoke," to repair smoke detectors, and to purchase a monthly food package from a local supermarket. (Dkt. 1.)

In the cover letter addressed to Judge Chesler, Plaintiff further states:

> Please find enclosed a request for a Temporary Restraining Order, for a very serious matter of secondhand smoking.  I have also enclosed supporting documentation which is attached to the TRO, which also outlines the efforts taken by me to alleviate this very serious problem.
>
> The TRO is about a Leukemia patient consistently breathing-in Secondhand Smoke (also called Environmental Tobacco Smoke, ETS).  The TRO outlines the lack of concern by custody staff to try to control the ETS but have enabled the other inmates who do smoke by disabling the smoke detectors.
>
> I also ask the court to be present at the hearing to present oral argument and also to call witnesses to testify.  There are several Correctional Officers and inmates I would like to call as witnesses to support my version of the problem . . . .

(Dkt. 1-1.)

Attached to these documents are copies of various Plaintiff's medical records, general information concerning leukemia, information concerning secondhand smoke from the National Cancer Institute, American Lung Association, and the Atlantic City Press, grievances, a letter from Plaintiff to various entities, a response from Coordinator of Inmate Correspondence Unit dated October 27, 2011, pages from the inmate handbook and the New Jersey Administrative Code, and a memorandum from then Commissioner of the NJDOC dated March 24, 1994, concerning Smoking Policy for Department of Corrections effective May 15, 1994.

## II.   STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  To survive dismissal under Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

inference that the defendant is liable for the misconduct alleged.' " Iqbal, 556 U.S. at 678 (citation omitted).  Officials may not be held liable under § 1983 for the unconstitutional misconduct of their subordinates.  Id. at 677.  Rather, the facts set forth in the complaint must show that each defendant, through the person's own individual actions, has violated the plaintiff's constitutional rights.  Id.  This Court must disregard labels, conclusions, legal arguments, and naked assertions.  Id. at 678-81.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed.  Id. at 678 (citations and internal quotation marks omitted); see also Santiago v. Warminster Township, 629 F. 3d 121, 130 (3d Cir. 2010); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts") (emphasis supplied).  The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

5

## III.  DISCUSSION

A court's initial task is to "tak[e] note of the elements [Plaintiff] must plead" in order to state a claim of liability under 42 U.S.C. § 1983.  See Iqbal, 129 S Ct. at 1947-48. Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

To state a § 1983 claim based on involuntary exposure to environmental tobacco smoke ("ETS"), Plaintiff must show (1) "he himself is being exposed to unreasonably high levels of ETS," Helling v. McKinney, 509 U.S. 25, 35 (1993); (2) "the risk of which he complains is not one that today's society chooses to tolerate," id. at 36; and (3) defendant-official was deliberately

indifferent to the serious risk to Plaintiff's future health from such exposure.  See Helling, 509 U.S. at 35-36; Ford v. Mercer County Correctional Center, 171 Fed. App'x 416 (3d Cir. 2006); Atkinson v. Taylor, 316 F. 3d 257, 262 (3d Cir. 2003).

Here, Plaintiff does not assert facts showing that "he himself is being exposed to unreasonably high levels of ETS," which facts are required to satisfy the objective element of the ETS claim.[2]  Helling, 509 U.S. at 35.  Nor does Plaintiff assert facts substantiating that each defendant was deliberately indifferent to a risk to Plaintiff's health from his exposure to ETS.  The Supreme Court has rejected a reading of the Constitution that "would allow liability to be imposed on prison officials solely because of the presence of objectively inhumane prison conditions."  Farmer, 511 U.S. at 838.  "[A] prison official cannot be found liable . . . for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[3]  Atkinson, 316 F.3d at 262

---

[2] Plaintiff refers in his TRO request to facts set forth in an affidavit and memorandum of law, but aside from an affidavit of indigence, the docket contains no documents other than the TRO request and exhibits.

[3] See Farmer, 511 U.S. at 835 ("an official's failure to
(continued...)

7

(quoting Farmer at 837).  Plaintiff attached various grievances to his pleading, but he asserts no facts concerning those grievances in his pleading.  For example, Plaintiff alleges nothing showing when each defendant became aware that Plaintiff was being exposed to unreasonably high levels of ETS, and he has not alleged facts showing that each defendant responded unreasonably after becoming aware that he was being involuntarily exposed to unreasonably high smoke levels.  See Farmer, 511 U.S. at 843 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted").

    Accordingly, this Court finds that the pleading does not assert enough specific, non-conclusory, facts to substantiate the conclusion that each, or any, defendant was deliberately indifferent to the health risk to Plaintiff posed by exposure to unreasonably high levels of ETS.  Because the Complaint fails to "contain sufficient factual matter, accepted as true, to state a

---

    ³(...continued)
alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of [unconstitutional] punishment"); Davidson v. Cannon, 474 U.S. 344 (1986) (prison official who "mistakenly believed that the situation was not particularly serious" did not deprive inmate of a liberty interest); Daniels v. Williams, 474 U.S. 327 (1986) (due process is not implicated by a state official's negligent act causing injury to an inmate).

claim to relief that is plausible on its face," Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted), this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

Normally, a court will not dismiss a complaint without granting the plaintiff leave to amend.  See Phillips v. County of Allegheny, 515 F.3d 224, 245-46 (3d Cir. 2008).  In this case, it is conceivable that Plaintiff might be able to state a cognizable claim under § 1983 by filing an amended complaint that contains sufficient factual matter - on its face - to allow this Court to draw the reasonable inference that each defendant named in the amended complaint is liable.[4]

## V.   CONCLUSION

Based on the foregoing, this Court will grant Plaintiff's application to proceed in forma pauperis and dismiss the Complaint.

s/Renée Marie Bumb  
**RENÉE MARIE BUMB**  
**United States District** Judge

Dated: August 29, 2012

---

[4]  If Plaintiff elects to file an amended complaint, it should be complete on its face.  However, it is not necessary for Plaintiff to refile the exhibits attached to the original Complaint, as the statement of facts in the amended complaint can simply refer to specific exhibits filed with the original Complaint.